IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00223-GPG

DON LAW,

    Plaintiff,

v.

MITCHELL R. MORRISSEY,
KERRI LOMBARDI, #23291, and
KATHY E. LILLY, #85-16,

    Defendants.

ORDER TO DISMISS IN PART
AND TO SHOW CAUSE IN PART

**I. Background**

Plaintiff Don Law is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Plaintiff, a *pro se* litigant, initiated this action by filing a Notice of Intent. Magistrate Judge Gordon P. Gallagher reviewed the Complaint, determined that the filing was deficient, and entered an order on February 3, 2015, directing Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints. On March 2, 2015, Plaintiff complied with the February 3 Order. Plaintiff now has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

**II. Claims**

Plaintiff asserts six claims pursuant to 42 U.S.C. § 1983. The claims are as follows:

Claim One-Defendant Kathy E. Lilly maliciously arrested Plaintiff on July 4,

> 2000, without a warrant or reasonable cause and in violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights;
>
> Claim Two-Defendants Mitchell R. Morrissey and Kerri Lombardi, District and Deputy District Attorneys, maliciously prosecuted Plaintiff when they filed false charges against him on July 6, 2000, in violation of the Eighth and Fourteenth Amendments;
>
> Claim Three-A jury rendered a false verdict on January 17, 2001, without a meaningful explanation of Plaintiff's guilt and without supporting evidence in violation of the Eighth and Fourteenth Amendments;
>
> Claim Four-A jury maliciously and sadistically convicted him because Plaintiff was convicted without a preponderance of the evidence in violation of the Eighth and Fourteenth Amendments;
>
> Claim Five-Judge Warren O. Martin maliciously and sadistically sentenced Plaintiff to fifteen years to life in prison because Plaintiff was convicted without a finding of preponderance of the evidence in violation of the Eighth and Fourteenth Amendments; and
>
> Claim Six-Defendants Kerri Lombardi and Mitchell R. Morrissey maliciously and sadistically subjected Plaintiff to a malicious prosecution without reasonable cause in violation of the Eighth and Fourteenth Amendments.

Compl., ECF No. 7, at 3-6 and 9-12. Plaintiff seeks money damages, expungement of the conviction, and release from prison.

### III. Analysis

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an

advocate for a *pro se* litigant. *See id.*   For the reasons stated below, the action will be dismissed in part and Plaintiff will be ordered to show cause why the remaining claim should not be dismissed as time-barred.

### i. *Heck*

Plaintiff's claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

It is apparent that Plaintiff has not invalidated the conviction and sentence at issue and a judgment in Claims Two through Six would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence. The Court, therefore, finds that Plaintiff's claims for damages challenging the validity of his state court conviction are barred by the rule in *Heck* and must be dismissed. Claims Two through Six, therefore, will be dismissed pursuant to *Heck*. Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

### ii. Deficiencies

Plaintiff's Complaint suffers from other deficiencies. First, Defendants Kerri Lombardi, Deputy District Attorney, and Mitchell R. Morrissey, District Attorney, are

entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties.  *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978).  The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process.  *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).  Therefore, Defendants Morrissey and Lombardi will be dismissed as inappropriate parties to this action based on absolute immunity.

To the extent that Plaintiff seeks injunctive and declaratory relief regarding the validity of his conviction, or expungement of his conviction, his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Habeas corpus claims may not be raised in a 42 U.S.C. § 1983 action.  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

### iii. Statute of Limitations

Finally, in Claim One, Plaintiff asserts that he was arrested without a warrant or "reasonable cause," ECF No. 4 at 19, which is properly asserted as a violation of Plaintiff's Fourth Amendment rights, or of his Fourteenth Amendment rights, and is not necessarily barred by *Heck*.  *See Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008).  The statute of limitations for a Fourth Amendment claim, however, begins to run when the false imprisonment ends or when imprisonment is subject to legal process,

which is either at the time a victim is released or he is bound over by a magistrate or arraigned on charges. See *Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008).

Plaintiff was arrested on July 4, 2000, and on July 6, 2000, was subjected to charges being brought against him by the district attorney. Plaintiff, therefore, was bound over on charges by July 6, 2000, and the time for the statute of limitations began to run.

The limitation period for an action under 42 U.S.C. § 1983 is set by the personal injury statute in the state where the cause of action accrues. *Garcia v. Wilson*, 731 F.2d 640, 650-51 (10th Cir. 1984). In Colorado, the limitations period for a personal injury action is two years. Colo. Rev. Stat. § 13-80-102. Plaintiff filed this action on February 2, 2015, almost thirteen years after the two-year statute of limitations expired on July 6, 2002.

A court may "consider affirmative defenses sua sponte" for purposes of dismissal under § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (internal quotations omitted)). It is clear from the face of Plaintiff's Complaint that the cause of action accrued on July 6, 2002.

"[W]hen a federal statute [42 U.S.C. § 1983] is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well . . . ." See *Ehimeshoff v. Hartford Life & Accident Insurance Co., et al.*, — U.S. —, 134 S. Ct. 604, 616 (2013) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478,

484 (1980) (in § 1983 actions "a state statute of limitations and the coordinate tolling rules" are "binding rules of law"). The State of Colorado recognizes the doctrine of equitable tolling, which applies "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (quotations omitted). Plaintiff does not allege that equitable tolling applies. And, "[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Also, equitable tolling applies only when "plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Morrison*, 91 P.3d at 1053. Nothing in the Complaint suggests any extraordinary circumstances that prevented Plaintiff from timely filing his § 1983 action.

**IV. Conclusion**

The Court will direct Plaintiff to respond and show cause why Claim One should not be dismissed as time-barred because more than two years have passed since the cause of action accrued. Accordingly, it is

ORDERED that Claims Two through Six are barred and dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). It is

FURTHER ORDERED that Defendants Mitchell R. Morrissey and Kerri Lombardi are dismissed as improperly named parties to this action. It is

FURTHER ORDERED that Plaintiff shall respond and show cause why Claim

One as asserted against Defendant Kathy E. Lilly should not be dismissed as time-barred. It is

FURTHER ORDERED that if Plaintiff fails to respond within thirty days Claim One will be dismissed as time-barred.

DATED at Denver, Colorado, this __12th__ day of ____March____, 2015.

BY THE COURT:


____s/Lewis T. Babcock____
LEWIS T. BABCOCK, Senior Judge
United States District Court