IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00223-GPG

DON LAW,

    Plaintiff,

v.

KATHY E. LILLY, #85-16,

    Defendants.

---

ORDER OF DISMISSAL

---

On February 2, 2015, Plaintiff Don Law initiated this action by filing *pro se* a Notice of Intent seeking money damages for an alleged malicious arrest, false charges, and false conviction in his State of Colorado Criminal Case No. 00CR3135.  *See* Notice, ECF No. 1, at 1.  Magistrate Judge Gordon P. Gallagher entered an order on February 3, 2015 that found the Notice deficient and directed Plaintiff to file his claims on a Court-approved form used in filing prisoner complaints.  On March 2, 2015, Plaintiff filed his claims on a proper Court-approved form.

This Court then reviewed the Complaint and found as follows.  Plaintiff asserted six claims pursuant to 42 U.S.C. § 1983, five of which, claims Two through Six, are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Court dismissed these claims for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007)), but without prejudice, *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 2007).  Regarding the remaining claim, Claim One, Plaintiff was directed to respond

and show cause why the claim should not be dismissed as barred by the statute of limitations. Plaintiff filed a Response on April 13, 2015. The Response for the most part challenges the dismissal of Claims Two through Six. Plaintiff briefly on Page Thirteen, in a very conclusory manner, addresses dismissal based on "time bar."

First, the Court will address Plaintiff's challenge to the dismissal of Claims Two through Six. The Court will consider the Response in part as filed pursuant to Fed. R. Civ. P. 60(b). *See McAfee v. Zupan, et al.*, No. 15-cv-00039-LTB, 2015 WL 1280179 (D. Colo. Jan. 15, 2015 (citing *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . . ; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a Rule 60(b) motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional

circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).  The decision to grant relief under Rule 60(b) is discretionary; and Plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate a final judgment or *order*.  *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Plaintiff asserts in the April 13 Response that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply to a § 1983 action and applies only to habeas corpus claims. Plaintiff further contends that there was no evidence to convict him and the conviction should be found to be invalid because he has been convicted in violation of his Fourteenth and Eighth Amendment rights.  Plaintiff also contends that Defendants Mitchell R. Morrissey and Kerri Lombardi are not entitled to absolute immunity unless they can demonstrate that such immunity.  Finally, Plaintiff appears to assert that this Court abused its discretion and dismissed Claims Two through Six without reasonable cause.

Plaintiff confuses the intent of *Heck*.  The March 12 Order dismissed Plaintiff's claims regarding his conviction because his conviction has not been invalidated. Plaintiff first must challenge his conviction pursuant to 28 U.S.C. § 2254 and obtain an invalidation of his conviction before he is able to seek money damages in a 42 U.S.C. § 1983 action, *Heck*, 512 U.S. at 486-87.  Also, this Court will not review Plaintiff's challenge of the validity of his state conviction in a § 2254 action unless he has exhausted his state court remedies, *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

The Court further finds that in August 2008 Plaintiff filed a § 2254 action in this

Court challenging the same state criminal proceeding that he is seeking to challenge in this action. *See Law v. State of Colo., et al.*, No. 08-cv-01750-LTB (D. Colo. Dec. 19, 2008). Case No. 08-cv-01750-LTB was found to be barred because Applicant had procedurally defaulted his claims in state court regarding Criminal Case No. 00CR3135. Plaintiff may not use this § 1983 action to circumvent the finding in Case No. 08-cv-01750-LTB.

The Court further finds no basis for Plaintiff's claim that Defendants Morrissey and Lombardi must demonstrate absolute immunity. Nothing Plaintiff asserts in the Complaint or in the Response supports a finding that Defendants Morrissey and Lombardi acted outside of the scope of their prosecutorial duties, which includes "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *See Nielander v. Bd. of County Comm'rs.*, 581 F.3d 1155, 1164 (10th Cir. 2009). Finally, nothing Plaintiff states in the April 13, 2015 Response demonstrates this Court abused its discretion in dismissing Claims Two through Six.

Upon consideration of the construed Rule 60(b) motion to reconsider and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the March 12, 2015 Order that dismisses Claims Two through Six.

As for Claim One, Plaintiff has failed to adequately address the statute of limitations issue. Plaintiff sets forth only a brief, conclusory statement that a constitutional claim may not be time barred. The incident Plaintiff is challenging took

place on July 4, 2000, when he allegedly was arrested without a warrant or reasonable cause in violation of his Fourth Amendment rights. The statute of limitations for a Fourth Amendment claim begins to run when the false imprisonment ends or when imprisonment is subject to legal process. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082-83 (10th Cir. 2008). Plaintiff was bound over on charges on July 6, 2000.

Claim One, therefore, will be dismissed because it is clear from the face of the claim that the cause of action accrued on July 6, 2002, *see Fractus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (a court may sua sponte consider an affirmative defense for purposes of dismissal under § 1915 when the defense is obvious from the face of the complaint and not further factual record is required), and Plaintiff fails to assert, as he was directed to do in the March 12, 2015 Order to Show Cause, that extraordinary circumstances prevented him from timely filing Claim One pursuant to § 1983, *see Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004). Claim One will be dismissed with prejudice. *See Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128-29 (10th Cir. 1991) (holding a dismissal based on statute of limitations is judgment on the merits).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Claim One is dismissed with prejudice. It is

FURTHER ORDERED that the action is dismissed and judgment will enter accordingly based on this Order and the Court's previous March 12, 2015 Order to Dismiss in Part without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  22nd  day of    April       , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court